## Springfied Consolidated Railway Company v. George Y. Pickett.

1. RELEASE—*what question proper where validity of, is questioned.* Where the validity of the release of a claim for personal injuries is sought to be questioned, it is proper to inquire of the releasor if when he put his mark upon the paper in question he did or did not know that he was signing away his claim for damages.

2. VERDICT—*when set aside as against the evidence.* A verdict will be set aside where it is manifestly against the weight of the evidence.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed March 20, 1906.

WILSON, WARREN & CHILD, for appellant.

·WILLIAM L. PATTON and COOPER & FITZGERALD, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for a personal injury. There was a verdict and judgment in the court below against appellant for $2,500.

The facts of the case, briefly stated, are substantially as follows: On September 20, 1904, appellee, a deaf mute, was, with other citizens of Springfield, standing in East Washington street watching the fire department on its way east on that street in response to an alarm. Appellant has two tracks on Washington street, upon which it operates a street railway, the north track being the west-bound track and the south track the east-bound track. While appellee was in the middle of the street between the two tracks of appellant, and looking east, he was struck by an east-bound car of appellant on its south track and knocked down in such manner that the wheels of the car passed over his feet, inflicting injuries which necessitated the amputation of a

portion of his left foot and the two greater toes of his right foot. On the day following his injury, appellee, in consideration of the payment by appellant of his surgical and hospital charges and expenses, executed a formal release of all claims for damages against appellant.

The declaration charges generally that appellant carelessly and negligently ran and operated its street car. The specific acts of negligence relied upon by appellee to sustain a recovery, are that the car was running at an excessive rate of speed and that no warning signal was given of its approach.

It is urged in reversal of the judgment that the court admitted improper evidence on behalf of appellee; that proper instructions offered on behalf of appellant were refused by the court; and that the verdict is contrary to the manifest weight of the evidence.

Upon the issue whether or not appellee's signature to the release was procured by fraud, there was evidence tending to show that at the time appellee signed the same by making his mark, he was suffering severe pain; that he was nervous and tremulous; that his wounds were partially dressed; and that the surgeon in charge had temporarily suspended an examination of his wounds in order to enable a claim agent of appellant to interview him. The conditions surrounding appellee, together with the fact that he could neither speak nor hear, were circumstances proper to be considered by the jury in determining whether or not he had been fraudulently imposed upon.

Upon his direct examination appellee was asked, whether, when he put his mark on the paper, he did or did not know that he was signing away his claim for damages against appellant, and he replied, "No, I thought it was a request." The question and answer were objected to by appellant and the objections overruled. Upon the authority of National Syrup Co. v. Carlson, 155 Ill., 210, the question was proper, and the court did not err in overruling the objection. The portion of the answer following the word "No," was not responsive to the question, and was, we think, improper, as

in effect permitting the witness to state what his understanding—his thought—was with respect to the character of the paper. National Syrup Co. v. Carlson, *supra;* C. & A. Ry. Co. v. Jennings, 114 Ill. App., 622. We do not, however, desire to be understood as holding that the refusal of the court to strike out the portion of the answer not responsive to the question, would, in this case, be sufficient ground for reversal of the judgment.

Our attention is directed to two instructions which counsel for appellant insist were improperly refused, but an examination of the record discloses that the instructions were given as modified by the court. There was no error in modifying the instructions, and as modified they stated the law as favorably for appellant as it was entitled to.

Upon the issue whether or not appellant was guilty of negligence, and whether or not appellee was in the exercise of due care for his own safety, we are constrained to hold that the verdict of the jury is against the manifest weight of the evidence.

While his inability to hear the gong signal, if given, made it impossible that neglect to sound the gong could have been the proximate cause of his injury, it is practically conceded by appellee that the gong on the car was continuously and loudly sounded by the motorman at and before the time the accident occurred. Indeed, counsel for appellee formulates a line of argument predicated on the giving of the signal, and insists that the motorman must be held to have known that appellee was deficient in his sense of hearing because he did not get off the track when the car was approaching him, and having such knowledge, that the motorman was guilty of negligence in not bringing the car to a stop before it struck appellee.

A very careful analysis and consideration of the evidence in the record leads us to the conclusion that a clear preponderance of the evidence tends to show that the car was travelling at a speed of from two to four miles an hour at the time of the accident, and not ten to fifteen miles an hour, as claimed by appellee; that appellee, intent upon look-

ing east at the fire department, gave no heed to the possible approach of a car from the west on the south track, and did not look to the west to ascertain whether a car might be approaching; that until the car approached within five or six feet of appellee, he was standing in a place of safety between the two tracks, and that he then suddenly stepped to the east and south, sufficiently near to the north rail of the south track to be struck by the fender of the car. The motorman had no knowledge of appellee's infirmity, and was justified in assuming that appellee could hear the signal and that he would remain in a place of safety until the car had passed.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*